UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RONALD LYNN HORN                                                                  PETITIONER

v.                                                                  CIVIL ACTION NO. 3:05-CV-545-H

GLENN HAEBERLIN                                                                  RESPONDENT

### MEMORANDUM OPINION AND ORDER

    The petitioner, Ronald Lynn Horn, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 for relief from a state judgment of conviction. The respondent, Glenn Haeberlin, moves to dismiss the petition on the statute of limitations. This matter is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge will enter an order requiring the petitioner to show cause why this action should not be dismissed as time-barred.

**I.**

    1) The petitioner is serving a seventeen-year sentence following the revocation of shock probation on a multi-count conviction of rape and sodomy, pursuant to a guilty plea, in the Oldham Circuit and Henry Circuit Courts of Kentucky. The state court entered the revocation order on May 14, 2001. Petitioner did not pursue a direct appeal.

    2) More than two years later, on July 17, 2003, the petitioner filed a motion in the trial court for collateral review. The petitioner argued the trial court lacked jurisdiction because it entered the revocation order after expiration of the statutory deadline. The trial court denied the motion on case-law interpretation of the relevant statute and cited the fact that the petitioner requested the continuation of the revocation hearing initially scheduled within the time-frame on which the

petitioner now relies.  The petitioner appealed, and on February 18, 2005, the appellate court affirmed.  The Kentucky Supreme Court denied discretionary review on June 2, 2005.

## II.

1)  The habeas corpus statute provides, "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody of a State court.  The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  This statute further provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

2)  Because the petitioner did not appeal the revocation order of May 14, 2001, his conviction became final by the conclusion of direct review on or about June 15, 2001, after expiration of the thirty-day time for filing an appeal.  See Ky. R. Civ. P. 73.02.  The federal one-year limitation period expired, therefore, on or about June 15, 2002, well before the petitioner sought state post-conviction or collateral review on July 17, 2003.

3)  The petitioner's state motion failed to prevent the expiration of the federal habeas one-year limitations period, set forth in § 2244(d)(2).  "The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *see also Thompson v. Chandler*,

2003 WL 343249 (6th Cir. 2003) (an unpublished disposition rejecting the petitioner's argument that the habeas one-year limitation period is inconsistent with the three-year period within which Kentucky prisoners may file a post-conviction action under Rule 11.42; and holding the federal limitation period is tolled only while a properly filed state post-conviction action is actually pending).

 4) Therefore, the petitioner seeks federal habeas relief well beyond the one-year limitation period, which expired June 15, 2002. Because § 2244 is not jurisdictional, the limitation period is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Accordingly, the petitioner must show cause why the petition should not be dismissed as time-barred.

### III. ORDER

 The petitioner shall **SHOW CAUSE** within 30 days of entry of this Order why the court should not dismiss the petition, pursuant to 28 U.S.C. § 2244(d), on the ground that the petitioner filed this petition outside the one-year limitation period. Failure to show cause within the time allowed may result in **DISMISSAL** of this action.

 The respondent's motion to dismiss is **REMANDED** with leave to reinstate pending the resolution of this matter. The respondent shall file a response to the petitioner's show cause memorandum within 20 days of the date of service. All other pending motions are **MOOT**.

 **IT IS SO ORDERED.**

DATE:


cc: Counsel of Record